UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE McCONAHY, on his own
behalf and on behalf of others
similarly situated,

        Plaintiff,

v.                                                Case No. 8:05-cv-2145-T-24 TGW

COMMUNICARE, INC., a Florida
corporation,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Claim for Attorneys' Fees and Costs. (Doc. No. 12). Defendant opposes this motion. (Doc. No. 13).

**I.  Background**

Plaintiff filed a complaint under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation. (Doc. No. 1). Thereafter, Defendant filed an answer and affirmative defenses that included a statement that Defendant intends to seek an award of costs and attorneys' fees for having to defend this matter. (Doc. No. 6). In response, Plaintiff filed the instant motion to strike Defendant's claim for attorneys' fees and costs.

**II.  Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society

Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

### III. Motion to Strike

Plaintiff moves to strike Defendant's claim for attorneys' fees and costs. Specifically, Plaintiff argues that a defendant is not entitled to attorneys' fees under the FLSA, because the statute only provides for attorneys fees for prevailing plaintiffs. See 29 U.S.C. § 216(b)(stating that the court shall award a reasonable attorney's fee and costs to a prevailing plaintiff).

Defendant responds that attorneys' fees are available for prevailing defendants in limited circumstances in FLSA cases, such as when the plaintiff engages in bad faith and vexatious conduct. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985). Therefore, Defendant argues that it is improper for the Court to strike its notice of a potential claim for attorneys' fees. Furthermore, Defendant argues that nothing in the FLSA prevents it from seeking an award of costs if it prevails.

Upon consideration, the Court finds Defendant's argument persuasive and that its claim for attorneys' fees and costs should not be stricken. Furthermore, the Court notes that Plaintiff is not prejudiced by its inclusion.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Claim for Attorneys' Fees and Costs (Doc. No. 12) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record